UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Case Number: 12-16616-11 |
| PAULA DEAN LADDUSIRE, | |
| Debtor. | |
| PAULA DEAN LADDUSIRE, | |
| Plaintiff, | |
| v. | Adversary Number: 13-43 |
| AUTO-OWNERS INSURANCE COMPANY, | |
| Defendant. | |

**DECISION ON AUTO-OWNERS'
MOTION TO ABSTAIN AND REMAND**

This proceeding was removed to this Court from the Circuit Court for Portage County, Wisconsin, by the Debtor, Paula D. Laddusire. It is now before the Court on the motion of the Defendant, Auto-Owners Insurance Company, for abstention and remand ("Auto-Owners") ("Motion"). Auto-Owners submitted a brief in support of its Motion, and the Debtor filed a response. A hearing was held on April 25, 2013, and following additional argument on the record, both parties stated that no further written argument would be submitted.

For the reasons set forth below, the Court grants the Motion and remands the proceeding to the Circuit Court for Portage County, Wisconsin.

## BACKGROUND

The Debtor is the owner of a residence located in Rhinelander, Wisconsin. The residence was damaged in a storm. Auto-Owners was an insurer of the residence. It paid insurance proceeds to the Debtor and/or third parties on account of the storm damage. The Debtor demanded payment of additional sums and Auto-Owners declined, alleging, among other defenses, that she had failed to meet necessary conditions under the policy. The unwillingness of Auto-Owners to make payment of these additional sums prompted the Debtor to commence an action in the Circuit Court for Portage County in June 2011 seeking damages ("State Court Action").[1] Auto-Owners answered the state court complaint and filed a jury demand. Discovery requests were propounded by Auto-Owners. On December 7, 2012, the Debtor filed for bankruptcy protection.

The Debtor removed the State Court Action to this Court on March 5, 2013. The Notice of Removal invokes 28 U.S.C. §§ 157, 1334(b), 1334(e)(1), and 1452, as well as 11 U.S.C. § 105 and Bankruptcy Rule 9027 ("Notice"). She asserts it is necessary to remove the State Court Action because it "involves property of the [Debtor's] bankruptcy estate" in the form of an insurance claim for losses to her homestead, personal property, medical expenses, personal injury, and other damages. She states that the matter is a core proceeding

---

[1] The Complaint at Paragraph 10 and the *Ad damnum* clause estimates the amount of damages to be $50,000.

2

because it involves recovery of money for the bankruptcy estate. On April 11, 2013, Auto-Owners filed its Motion seeking abstention and remand under 28 U.S.C. §§ 1334(c) and 1452(b).

## ANALYSIS

Once a proceeding is removed pursuant to 28 U.S.C. § 1452(a), the court may remand the case or claim, on any equitable ground, to the original court. 28 U.S.C. § 1452(b) and Fed. R. Bankr. P. 9027(d). To determine whether the matter should be remanded, the court must first decide whether it has jurisdiction and, if so, whether to exercise it.

Section 1452(a) of Title 28 permits a party to remove a "claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." A district court has jurisdiction under section 1334(b) "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." It may, however, refer cases arising under title 11, arising in a case under title 11, or related to a case under title 11 to the bankruptcy judges for their district. 28 U.S.C. § 157(a). The District Court for the Western District of Wisconsin has made such a reference. *Western District of Wisconsin Administrative Order 161* (July 12, 1984).

3

## **Abstention**

There are circumstances in which a federal court must abstain from hearing a case removed from state court. Section 1334(c)(2) of Title 28 gives the rule for mandatory abstention, which has been distilled by courts into five elements: 1) the motion is timely; 2) the removed proceeding is based upon a state-law claim or state-law cause of action; 3) the proceeding is a non-core but "related to" proceeding; 4) the action could not have been commenced in federal court absent jurisdiction under 28 U.S.C. § 1334; and 5) an action has been commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. *See, e.g., Stoe v. Flaherty*, 436 F.3d 209, 213 (3d Cir. 2006); *Taub v. Taub (In re Taub)*, 413 B.R. 69, 75 (Bankr. E.D.N.Y. 2009).

If these requirements are not all met, the court is not required to abstain. It may nevertheless choose to do so. Section 1334(c)(1) provides that the court may abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law . . . from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

Thus, the first question is whether this Court must abstain under 28 U.S.C. § 1334(c)(2). There is no argument that the State Court Action is not based solely upon a state-law claim—clearly, it is. The Debtor does, however, challenge every other element under 28 U.S.C. § 1334(c)(2). First, she attacks the timeliness of Auto-Owners' Motion under 28 U.S.C. § 1447(c). That provision requires that motions to remand on grounds other than lack of

4

subject matter jurisdiction be made within thirty days of the filing of a notice of removal under 28 U.S.C. § 1446(a). The Debtor's Notice was filed on March 5, 2013, and the Defendant's Motion was filed on April 11, 2013—thirty-seven days later. Consequently, *if* the removal was filed under 28 U.S.C. § 1446, mandatory abstention under 28 U.S.C. § 1334(c)(2) may not apply because there is an issue of whether the Motion to abstain was timely.

There are two problems with the Debtor's argument concerning the timeliness of the Motion. The first is that 28 U.S.C. § 1447(c) establishes a thirty-day deadline for motions to remand when notices of removal were filed under 28 U.S.C. § 1446(a), the general removal provision. But the Debtor did not remove the case under 28 U.S.C. § 1446(a). Rather, she filed her Notice "pursuant to . . . 28 U.S.C. § 1452." Indeed, 28 U.S.C. § 1452(a) was the appropriate provision under which to remove the case because that section clearly governs the removal of claims related to bankruptcy cases. Unlike 28 U.S.C. § 1447(c), though, section 1452 makes no mention of a deadline for filing a motion to remand. Bankruptcy Rules 9027(d) and 9014 likewise contain no time limitations on filing a motion to remand. Moreover, there is no definite deadline for abstention under 28 U.S.C. § 1334(c)(2)—there is merely a reference to "timely."

The second problem with the Debtor's timeliness argument is that, even if 28 U.S.C. § 1446(a) did apply, Auto-Owners' Motion can be interpreted as a

motion to remand for lack of subject matter jurisdiction that is excepted from the thirty-day deadline.

The district courts' subject matter jurisdiction is generally limited to federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under section 1332. When a bankruptcy case is pending, Congress has widened the aperture to permit district courts and, by reference, bankruptcy courts to hear cases over which the federal courts would otherwise not have jurisdiction. 28 U.S.C. § 1452(a). It permits this expansion of jurisdiction in circumstances in which it would be fair and appropriate for the bankruptcy court to resolve a matter pending in another court that is of particular consequence to the bankruptcy proceeding. *Compare* 28 U.S.C. § 1452(a) *with* § 1452(b); *cf. Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128-29, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995) (Ginsburg, J., concurring).

There are clear limits, however. Section 1334(c)(2) of Title 28 *requires* the court to abstain from hearing pending matters that are merely related to the bankruptcy case if they can be timely adjudicated in a state court with jurisdiction and there is no other basis for federal jurisdiction. Therefore, while it is generally true[2] that the bankruptcy court can hear matters that are merely

---

[2] In its brief, Auto-Owners concedes that the Court "has jurisdiction over [the State Court Action] because it is 'related to a case under title 11.'" *Auto-Owners Memorandum of Law in Support of Motion for Remand*, at p. 6. That is generally true, except in circumstances in which the matter is pending elsewhere and removed to the bankruptcy court under 28 U.S.C. § 1452(a). In that circumstance, 28 U.S.C. § 1334(c)(2) requires that the court abstain from removed matters that are merely

(continued...)

6

related to the bankruptcy case and submit proposed findings and conclusions to the district court for entry of a final order, the court may not do so if the conditions of 28 U.S.C. § 1334(c)(2) are met. There is no discretion or flexibility. This is tantamount to a statutory withdrawal of subject matter jurisdiction.

Auto-Owners' argument gets to the heart of the question of subject matter jurisdiction. It argues that the State Court Action is a non-core proceeding that is merely related to the bankruptcy case. If this is true, and the other conditions of 28 U.S.C. § 1334(c)(2) are met, abstention would be mandatory. As such, the Motion may be characterized as one to remand for lack of subject matter jurisdiction, and would be within the exception to the thirty-day deadline under 28 U.S.C. § 1447(c).

The Debtor opposes Auto-Owners' Motion on other grounds too. In an attempt to demonstrate that the fourth element for mandatory abstention is absent, she asserts that new, unspecified facts have increased the amount of her claim to the point that the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied. Since the parties do not appear to dispute that there is diversity of citizenship between them, if true, her assertion concerning the amount of damages would establish a basis of federal jurisdiction for the State Court Action other than the bankruptcy proceeding. The provisions of 28

---

[2](...continued)
related to the bankruptcy case, for which there is no other basis for federal jurisdiction, and that are pending in a state forum with jurisdiction that can timely adjudicate them.

U.S.C. § 1334(c)(2) therefore would not apply, and this Court would not be compelled to abstain.

Under other circumstances it might be worthwhile to briefly examine whether the Debtor's new claim[3] is subject to the pleading requirements under the applicable Bankruptcy Rules. If it were, there would seem to be a question of whether a one-sentence reference in an opposition brief to a new claim would satisfy the requirement that claims be pleaded with particularity. The pleadings in the removed action do not include this claim. In the interest of judicial economy and efficiency, however, it is an unnecessary inquiry in light of the Court's determination that permissive abstention under 28 U.S.C. § 1334(c)(1) is appropriate.

The same fate befalls the Debtor's argument that the State Court Action cannot be timely adjudicated. *Debtor's Opposition Brief*, at p. 3. The Debtor claims that the automatic stay will prevent the State Court Action from being timely adjudicated. At the very least, she notes, no one has claimed that proceeding in state court will be any *more* timely than proceeding in bankruptcy court. First, the premise of the Debtor's argument, that the automatic stay will delay the adjudication in state court, totally misapprehends

---

[3] Curiously, her second claim for damages that "exceed $25,000.00" makes its first appearance in the Debtor's Opposition Brief at p. 2. There is no mention anywhere in the state court record of a claim related to an event that took place on January 13, 2011. It is this unpleaded additional claim combined with the claim that is actually pleaded that would, potentially, satisfy the amount in controversy requirement.

8

the requirements of 28 U.S.C. § 1334(c)(2). Of course it is possible that the automatic stay may delay adjudication in state court more so than if the bankruptcy were never filed; but if that fact were the measure of timeliness, then no action related to a bankruptcy could ever be timely adjudicated anywhere else while the stay was in place. It would mean, in effect, that in such a situation abstention would never be mandatory where cases are removed to the bankruptcy court. An interpretation that renders a statute meaningless is the wrong one; so, too, is a construction that leads to an absurd result. 3A N. Singer & J. Singer, *Sutherland Statutory Construction* § 71:6 (7th ed. 2012) (internal citations omitted).

Moreover, it is the Debtor who is pursuing the claims as a plaintiff. To the extent the claims in the action are not "against the debtor," the State Court Action is not stayed pursuant to section 362(a). *See In re Mid-City Parking, Inc.*, 332 B.R. 798, 807 (Bankr. N.D. Ill. 2005) (citing *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 880 (7th Cir. 2001); *In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002), and *Martin-Trigona v. Champion Fed. Sav. and Loan Ass'n*, 892 F.2d 575, 577-78 (7th Cir. 1989)). The provisions of section 362(a)(1) are inapposite in this case because the action is not a proceeding *against* the Debtor. Rather, it is an action brought *by* the Debtor which may inure to the benefit of the bankruptcy estate. *See Carley Capital Group v. Fireman's Fund Ins. Co.*, 889 F.2d 1126, 1126-27 (D.C. Cir. 1989). The case originated as a claim by the Debtor against Auto-Owners to recover monies allegedly due on a contract of

9

insurance. Auto-Owners has asserted no counterclaims. If a particular action, motion or appeal within this lawsuit is "against" the Debtor, the effect of the stay can quickly and easily be addressed on motion of a party seeking entry of an order modifying the stay.

Second, the fact, pointed out by the Debtor, that no one has argued that the State Court Action would proceed more quickly in state court is also irrelevant. *See Official Unsecured Creditors' Comm. of Hearthside Baking Co. v. Cohen (In re Hearthside Baking Co., Inc.)*, 391 B.R. 807, 816 (Bankr. N.D. Ill. 2008) (citing *Klohr v. Martin & Bayley, Inc.*, 2006 WL 1207141, at *3 (S.D. Ill. 2006)). The question is whether the case can be adjudicated timely in state court—not which court can do it faster. *Id.*

Finally, the Debtor indicates that if this Court abstains and remands the State Court Action, she plans to voluntarily dismiss it and re-file the case as an adversary proceeding. The inference she wishes drawn, presumably, is that her proposed course would delay the proceeding and increase the costs. That is likely true—but it is an incredible argument for the Debtor to make. After all, she began her argument by asserting that the bankruptcy court should hear the case because the state court cannot adjudicate it timely; she concludes it, however, by stating that if the bankruptcy court disagrees with her position, she will dismiss the State Court Action and start all over. The real inference this Court draws, then, is that she is not actually concerned with the timely adjudication of her claim at all. To the contrary, her proposed course of action

10

smacks of indifference to the cost and speed of the resolution of the dispute. It is her prerogative to pursue that course. But it certainly does not persuade this Court that abstention and remand are any less appropriate.

The Debtor also makes a series of arguments to the effect that the State Court Action is a core proceeding. She notes that the action concerns the administration of the estate because, in essence, the recovery she seeks from Auto-Owners will be used to pay creditors. This, she argues, will produce an asset for her secured creditor, and nonexempt equity for her unsecured creditors. Likewise, she notes that any recovery on her personal property loss claims will be available for distribution to creditors.

Her arguments in this regard are also unpersuasive. The Court of Appeals for the Seventh Circuit has explained that "[c]ore proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law." *In re United States Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997). In other words, "[a] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). A proceeding is non-core, by comparison, if it "does not invoke a substantive right created by the federal

11

bankruptcy law and is one that could exist outside of bankruptcy." *Id.* Such a proceeding "may be related to the bankruptcy because of its potential effect, but . . . it is . . . [a] non-core proceeding." *Id.* Bankruptcy courts may determine whether a proceeding is core or non-core. 28 U.S.C. § 157(b)(3). Clearly the proceeding can and did exist outside of the bankruptcy. It involves claims relating to an insurance policy and coverage that were asserted before the bankruptcy was filed. As such, this Court concludes the State Court Action is decidedly non-core.

While this Court is not persuaded by the Debtor's arguments that the mandatory abstention provisions are not met, there are conceivably viable arguments that could be made to that effect. In any event, it is not necessary for this Court to make a finding as to the applicability of 28 U.S.C. § 1334(c)(2) in light of its determination that abstention is appropriate under section 1334(c)(1).

To determine whether permissive abstention is appropriate, courts have considered a range of factors, including:

1) the effect or lack thereof on the efficient administration of the estate;

2) the extent to which state law issues predominate over bankruptcy issues if the court recommends abstention;

3) the difficult or unsettled nature of applicable law;

4) the presence of related proceedings commenced in state court or other non-bankruptcy proceedings;

12

5)  any jurisdictional bases, other than 28 U.S.C. § 1334;

6)  the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7)  the substance rather than the form of an asserted core proceeding;

8)  the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9)  the burden of the bankruptcy court's docket;

10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11) the existence of a right to a jury trial;

12) the presence in the proceeding of non-debtor parties;

13) comity; and

14) the possibility of prejudice to other parties in the action.

*See, e.g., Archer v. Nissan Motor Acceptance Corp.*, 324 F. Supp. 2d 805, 809 (S.D. Miss. 2004).

The list of factors noted above guide the Court's determination. These considerations should be applied flexibly to the particular facts of each case. *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993) (citing *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 483, 60 S. Ct. 628, 630, 84 L. Ed. 876 (1940)). Moreover, when cases are removed from state court to federal court on the basis of being "related to" a bankruptcy proceeding, it is generally appropriate that "questions of [state] law . . . be decided by the state courts . . . rather than [a federal court]." *In re United States*

*Brass Corp.*, 110 F.3d 1261, 1265 (7th Cir. 1997). With these considerations in mind, the listed factors weigh in favor of permissive abstention and of remand.

First, there will be little effect on the efficient administration of the estate if the State Court Action is remanded. In fact, the interests of the Debtor, creditors, and the estate will likely be advanced if the matter is remanded. The pleadings and litigation were well progressed in Portage County Circuit Court. Discovery has been under way for some time. It makes little sense to interrupt proceedings that have already been under way for almost two years.

Next, there do not appear to be difficult or unsettled questions of state law that weigh in favor of abstention. Neither, however, are there any questions of bankruptcy law that suggest this Court should opt to exercise its jurisdiction. There is no question that the State Court Action involves only state law issues. As such, this factor weighs in favor of abstention.

Moreover, the sole jurisdictional basis on the face of the pleadings is section 1334. The relationship of the proceeding to the main case is remote. It is a contract dispute that, if the Debtor is successful, may entitle her to funds that could benefit the estate. There is no other conceivable basis for federal jurisdiction, nor any significant connection to the main case.

Further, in response to Auto-Owners' argument that it is entitled to a jury trial, the Debtor correctly points out that bankruptcy courts are empowered to conduct jury trials under 28 U.S.C. § 157(e). That provision also requires a designation by the district court and the express consent of all the

14

parties. 28 U.S.C. § 157(e) and Fed. R. Bankr. P. 9015. There has been no designation in this case and no statement of consent appears on the docket. While this Court is sufficiently familiar with the conduct of jury trials, the state court regularly conducts such trials in matters involving insurance coverage, claims and procedures. Accordingly, the conduct of such a trial would be more efficient in that forum.

Finally, given the timing of the Debtor's bankruptcy petition, her Notice of Removal, the substantial time the matter was pending in Portage County and the extent of discovery already conducted, it appears that removal may be motivated at least in part by a desire to draw out the proceedings. Whether intentional or not, the resultant delays do carry a risk of prejudice to the other party in the action. They also risk prejudice to the non-party creditors in the Debtor's bankruptcy. By further forestalling a determination of the Debtor's claims in state court, the administration of the estate may be delayed.

## **Remand**

Having determined that abstention under 28 U.S.C. § 1334(c)(1) is appropriate, the next step is determining whether to remand. Once removed, a claim or cause of action can be remanded on "any equitable ground." 28 U.S.C. § 1452(b). "Equitable" in this context has been interpreted to mean "that which is reasonable, fair, or appropriate." *Things Remembered, Inc.*, 516 U.S. at 128-29.

As discussed above, there appear to be certain procedural defects in the Debtor's attempt to remove the case. As required by Bankruptcy Rule 9027(a)(1), the Notice was signed, contained a statement of facts to support removal, and alleged the matter was core. It was not, however, accompanied by all pleadings and process filed and issued in the state court. Additionally, it is not clear that the Debtor served a copy on all parties to the original state court proceeding as required by Bankruptcy Rule 9027(b).[4]

Even when a matter is properly removed, when the basis for removal is, as here, simply based on a debtor's bankruptcy filing, there is a liberal approach to bankruptcy remands. *Cargill, Inc. v. Man Fin., Inc. (In re Refco Inc.)*, 354 B.R. 515, 520 (B.A.P. 8th Cir. 2006). Abstention without remand would place the parties in an awkward limbo, with the state court prevented from proceeding in light of the Notice of Removal, and this Court choosing to abstain. Thus, while remand can occur without abstention, an abstention without a remand in this circumstance would leave the suit homeless. In the event it is necessary to address the concern articulated by the Debtor that the

---

[4] The Notice contains what counsel for the Debtor labels an "Unsworn Declaration of Service," stating "that she filed the above-captioned document with the United States Bankruptcy Court for the Western District of Wisconsin on March 5, 2013 by CM/ECF and thereby served the same upon the Office of the United States Trustee and upon all counsel of record appearing in the above-captioned matter." The Court notes, however, that neither the Auto-Owners nor its attorney had appeared in either the main case or the adversary proceeding until April 11, 2013. Further, the Debtor's attorney did not add Auto-Owners or its attorney to ECF in the bankruptcy case or the adversary proceeding, and no proof of service or proof of mailing has been filed with the Court that would confirm a copy was actually served as required by Fed. R. Bankr. P. 9027(b).

16

automatic stay may affect the progress of a final determination in state court, that concern can be readily addressed by a motion for modification of the automatic stay by either party. Based on considerations of judicial economy, comity, respect for the decision-making capabilities of the state court, the predominance of state law issues, and the effect of remand on the administration of the bankruptcy case, this Court concludes that abstention is appropriate under 28 U.S.C. § 1334(c)(1), and remands the case to the Portage County Circuit Court under 28 U.S.C. § 1452(b).

## CONCLUSION

Based on the foregoing findings of fact and conclusions of law, Auto-Owners' Motion is granted.

A separate order consistent with this opinion will be entered.

Dated: June 6, 2013

BY THE COURT:

Hon. Catherine J. Furay
U.S. Bankruptcy Judge